UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN GEORGIA
ATLANTA DIVISION

**Dante Curtis**
        **Plaintiff,**

**vs.**

CASE NO.:

**Buckhead Towing, and Beverly Elliott and Carnell Elliott, Individually**

        **Defendants.**
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dante Curtis ("Curtis"), on behalf of himself and those similarly situated, by and through the undersigned attorney, sues Buckhead Towing, a Domestic Profit Corporation, and Carnell Elliott and Beverly Elliott, Individually (collectively "Defendants") and alleges:

## INTRODUCTION

1. Plaintiff, Dante Curtis, was an employee of Buckhead Towing, and brings this action for unpaid overtime compensation, unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee performing tow truck duties within the last three years, *i.e.* from September 2013 through September 2015, for Defendant in Fulton County, Georgia.

3. Defendant, Buckhead Towing, is a Georgia Corporation that operates and conducts business in, among others, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, Owner Elliott was an individual resident of the State of Georgia, who owned and operated Buckhead Towing and who regularly exercised the authority to: (a) hire and fire employees of Buckhead Towing; (b) determine the work schedules for the employees of Buckhead Towing and (c) control the finances and operations of Buckhead Towing.

5. At all times relevant to this action, Owner Beverly Elliott was an individual resident of the State of Georgia, who owned and operated Buckhead Towing and who regularly exercised the authority to: (a) hire and fire employees of Buckhead Towing; (b) determine the work schedules for the employees of Buckhead Towing and (c) control the finances and operations of Buckhead Towing.

6. By virtue of having regularly exercised that authority on behalf of Buckhead Towing, Carnell and Beverly Elliott were employers as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendant overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

9. The venue of this Court over this controversy is proper based upon the claim arising in Fulton County, Georgia.

## PARTIES

10. Plaintiff was an hourly paid Tow Truck Drive who worked for the Defendants in Fulton County, Georgia.

11. Plaintiff, Dante Curtis, worked for Defendants as a tow truck driver in Atlanta, Georgia in 2015.

12. The proposed class members also worked for Defendants as tow truck drivers in Atlanta, Georgia.

13. Plaintiff and the proposed class members were subject to similar violations of the FLSA.

14. Defendant, Buckhead Towing, is a Domestic Profit Corporation which operates and conducts business in Atlanta, Georgia, and is therefore within the jurisdiction of this Court.

15. At all times relevant to this action, Owner Beverly Elliott was an individual resident of the State of Georgia, who owned and operated Buckhead Towing, and who regularly exercised the authority to: (a) hire and fire employees of Buckhead Towing; (b) determine the work schedules for the employees of Buckhead Towing and (c) control the finances and operations of Buckhead Towing.

16. At all times relevant to this action, Owner Carnell Elliott was an individual resident of the State of Georgia, who owned and operated Buckhead Towing and who regularly exercised the authority to: (a) hire and fire employees of Buckhead Towing; (b) determine the work schedules for the

employees of Buckhead Towing and (c) control the finances and operations of Buckhead Towing

17. By virtue of having regularly exercised that authority on behalf of Buckhead Towing, Beverly and Carnell Elliott are employers as defined by 29 U.S.C. § 201, et seq.

## FACTUAL ALLEGATIONS

18. Plaintiff, and those similarly situated employees, worked for Defendants and performed towing and related activities.

19. Plaintiff worked in this capacity from approximately September 1, 2013 through September of 2015.

20. Plaintiff earned a rate of pay of at least $7.25 an hour, and/or a combination of base rate, per car towed rate, and other financial incentives.

21. Defendants agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendants.

22. During his employment with Defendants, Plaintiff regularly worked more than forty (40) hours a week, but was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COVERAGE

24. At all times relevant to this action (2013-2016), Buckhead Towing was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

25. At all times relevant to this action (2013-2016), Buckhead Towing made gross earnings of at least $500,000 annually.

26. At all times relevant to this action (2013-2016), Defendants accepted payments from customers based on credit cards issued by out of state banks.

27. At all times relevant to this action (2013-2016), Defendants had 2 or more employees engaged in commerce, handling or otherwise working with vehicles and equipment that have been moved in or produced for commerce. (*i.e.* towing vehicles, etc.).

28. At all times relevant to this action (2013-2015), Plaintiff was individually engaged in commerce during his employment with Defendants, by working with vehicles and equipment from out of state.

29. At all times relevant to this action (2013-2016), Defendants used U.S. mail to send and receive letters to and from other states.

30. At all times relevant to this action (2013-2015), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COLLECTIVE FACTUAL ALLEGATIONS

31. Class members are treated equally by Defendants.

32. Defendants subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

33. Defendants employed several tow truck drivers who were improperly paid overtime wages in the State of Georgia within the past three

(3) years.

34. Defendants pay class members in the same manner.

35. Plaintiff and all class members worked in the State of Georgia.

36. Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

37. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

38. During the relevant period, Defendants violated the FLSA by improperly paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

39. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

40. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable fees and costs if they prevail.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

43. As a result of Defendants' intentional, willful and unlawful acts

in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

44. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

45. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Dante Curtis, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, Buckhead Towing, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS CARNELL AND BEVERLY ELLIOTT, INDIVIDUALLY

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

47. Defendant, Carnell Elliott, is the owner and registered agent of Defendant, Buckhead Towing. Beverly Elliott, is the Corporate Financial Officer of Defendant, Buckhead Towing.

48. Defendants Beverly and Carnell Elliott were equal managers who acted with direct control over the work, pay, and job duties of Plaintiff and similarly situated employees.

49. Defendants Beverly and Carnell Elliott: (1) had the power to hire

and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, (4) maintained employment records, and determined J.R.K. Trucking's overtime policies.

50. As such, Defendants Beverly and Carnell Elliott, are charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, Dante Curtis, on behalf of himself and those similarly situated, demands judgment against Defendants, Beverly and Carnell Elliott for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants Buckhead Towing and Beverly and Carnell Elliott.

## **DEMAND FOR JURY TRIAL**

51. Plaintiff demands a jury trial on all issues so triable against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be

just and appropriate.

    Dated this <u>17th</u> day of October, 2016.

            <u>/s/ Adian Miller</u>
            Adian Miller
            GABN 794647
            Morgan & Morgan, P.A.
            191 Peachtree Street, N.E. Suite 4200
            Atlanta, GA 30303
            (404) 496-7332 Direct
            (404) 496-7428 Fax
            Email:ARMiller@forthepeople.com
            Attorneys for Plaintiff